In re Application of Sherman.

[Cite as *In re Application of Sherman,* 117
Ohio St.3d 528, 2008-Ohio-1472.]

(No. 2007–1956—Submitted January 9, 2008—Decided April 3, 2008.)

———————

**Per Curiam.**

{¶ 1} Applicant, Roderick Delvair Sherman, is a candidate for admission to the Ohio bar and has applied to take the Ohio bar examination. The Board of Commissioners on Character and Fitness recommends that we disapprove, for now, his applications for admission and to take the bar exam because the applicant failed to appear for proceedings conducted to assess his character, fitness, and moral qualifications. On review, we accept the board's recommendation to disapprove and deny the applicant permission to reapply for any bar exam before the exam to be administered in February 2010.

{¶ 2} The applicant first applied to take the February 2005 bar examination but failed to meet the requirements to sit for that test in time. He then applied for the July 2005 bar exam. Two members of the Joint Admissions Committee for the Cleveland and Cuyahoga County Bar Associations interviewed the applicant on May 24, 2005. Both interviewers expressed misgivings about the applicant's character, fitness, and moral qualifications, citing his excessive debt, criminal record, and erratic employment history.

{¶ 3} To allow the applicant the opportunity to allay concerns about his qualifications, the admissions committee scheduled another interview with two different members. The applicant did not appear for the second interview. When asked about his absence, the applicant claimed that he had not received notice of the second interview.

{¶ 4} A representative of the admissions committee rescheduled the second interview for June 27, 2005, and e-mailed the applicant notice of the proceeding. The representative received back an automatic e-mail indicating that the applicant was away from his computer and would "get in touch with [the sender] in the near future."

{¶ 5} The applicant did not appear at the appointed date and time for the second interview. When the applicant did not show, one of the interviewers called the applicant's cell phone, which the applicant answered. The interviewer identified herself and asked the applicant whether he was planning to attend the interview. Apparently because the applicant realized the purpose of the call, he claimed that he could not hear the caller and hung up. The interviewer immediately called back, but her call was diverted to the applicant's voicemail. The interviewer left a message asking the applicant to return her call, but he never did.

{¶ 6} Having nothing on which to rely for recommending the applicant's character, fitness, and moral qualifications, the admissions committee registered its final disapproval on July 1, 2005. Over the next six months, this court's Office of Bar Admissions repeatedly sent the applicant certified letters advising him of the admissions committee's disapproval and his right to appeal within 30 days. All the certified mailings went unclaimed.

{¶ 7} Shortly before the July 2005 bar exam, the bar admissions office sent a notice to the applicant that he would not be permitted to sit for the exam because the office had not received final approval of his character and fitness or a certificate establishing that he had taken necessary training in preventing substance abuse. The applicant evidently received this notice, because in November 2005 he reapplied to take the February 2006 bar exam. He did not submit the requisite training certificate, however, until May 15, 2006.

{¶ 8} In June 2006, the bar admissions office finally reached the applicant by telephone and confirmed that the address on file for him was correct. On July 3, 2006, the bar admissions office resent by regular mail a packet containing the letter notifying him of the admissions committee's previous disapproval of his applications and the time for appeal and a copy of the committee's recommendation. The applicant filed a timely appeal.

{¶ 9} A panel appointed by the board convened to hear the applicant's appeal on March 29, 2007. The applicant again failed to appear. The panel chairman proceeded by telephoning the applicant and, after asking him to testify on the record, inquiring into his absence from the hearing. In response, the applicant once more claimed that he had not received notice of the proceeding.

{¶ 10} Neither the panel nor the board believed the applicant's explanation for his failure to appear. The bar admissions office had sent notice of the proceeding to the address that staff had confirmed to be his and the notice had not been returned as undeliverable. The panel and board concluded from a staff member's testimony and the applicant's track record that the applicant had simply disregarded notices of proceedings and other developments in the process to assess his character and fitness.

{¶ 11} Rosey Smith, Bar Admissions Coordinator, testified that after repeated attempts had been made to contact the applicant at the telephone number on file for him, she was the one who reached him in June 2006. During their conversation, the applicant had confirmed his address as the one in Shaker Heights to which the certified letters advising of the admissions committee's disapproval and appeal period had been sent. Smith further testified that the bar admissions office had sent notice of the March 29 hearing, which was scheduled on February 7, 2007, to the Shaker Heights address. In fact, Smith recalled having had another conversation with the applicant two weeks before the panel hearing, when she again confirmed his address and even reminded him of the impending hearing date.

{¶ 12} The panel and board found Smith's testimony far more credible than the applicant's claim that he knew nothing of the panel hearing, and so do we. As the board aptly summarized and surmised from the evidence:

{¶ 13} "The applicant was sent notice of the panel hearing on February 12, 2007 at his current confirmed address. Approximately two (2) weeks prior to the panel hearing, the applicant orally acknowledged to Rosey Smith that he was aware of the date of the hearing. He acknowledges he received his other mail during this time period at the same address, and further acknowledges he does not seem to have difficulty in receiving any of his other mail. However, with no attempt to explain how he could not have received notice, the applicant merely states that he had no knowledge of the hearing and that is why he failed to appear. In light of his repeated failure to appear for, or acknowledge, the scheduled interview times set by the Joint Admissions Committee, the Board does not find the applicant's claims to be credible."

{¶ 14} Gov.Bar R. I(12)(C)(6) requires an applicant for admission to the practice of law to establish his or her present character, fitness, and moral qualifications by clear and convincing evidence. Requiring the applicant's forthright, conscientious participation in proceedings before the board, the rule further provides that an applicant's "failure to provide requested information * * * or otherwise to cooperate in proceedings before the Board may be grounds for a recommendation of disapproval." Having failed to appear for proceedings to complete the character-and-fitness-review process, the applicant is unable to sustain his burden of proof and show that he is now qualified for bar admission.

{¶ 15} We therefore accept the board's recommendation to disapprove this applicant's applications to take the bar exam and for admission to the practice of law in Ohio. The applicant may reapply for the bar examination to be administered in February 2010, providing that he complete the entire admission process, including (1) filing a new application to register as a candidate for admission to the practice of law and an application to take the bar examination and (2)

undergoing the character-and-fitness-review process, including the interview by members of an appropriate bar association and obtaining a report from the National Conference of Bar Examiners.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Justin F. Madden, for relator.